UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br>v.<br><br>STEVEN NICHOLAS TAYLOR,<br><br>Defendant(s). | CASE NO. CR25-0146-KKE<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant Steven Taylor has completed just over one year of his five-year term of supervision, and now requests that the Court terminate his supervision term early. Dkt. No. 5. Mr. Taylor argues that because he has demonstrated compliance with his supervision conditions to this point, continuing his supervision term is no longer necessary. *Id*.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's term of supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." To determine whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the sentencing range and type established by the Sentencing Commission, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e)(1) (citing factors listed in 18 U.S.C. § 3553(a)).

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 1

Section 3583(e)(1) does not require a defendant to demonstrate "undue hardship" or "exceptionally good behavior." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Instead, the Court keeps in mind two principles in considering whether termination is warranted. First, supervised release after incarceration is meant to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09 (2000). Second, supervised release should "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 60 (2000).

The Court commends Mr. Taylor's admirable performance on supervised release thus far, but notes that compliance with his probationary terms is expected and does not alone support early termination. *See, e.g.*, *United States v. Hanich*, No. 2:14-CR-000140-BLW, 2023 WL 2354881, *1 (D. Idaho Mar. 3, 2023) (denying early termination of a five-year supervised release term based on conspiracy to distribute controlled substances "to ensure that [defendant] remains accountable to himself, the Court, and the community"); *United States v. Molina*, No. CR15-0383-JCC, 2021 WL 915140, *1 (W.D. Wash. Mar. 10, 2021) (denying motion for early termination where defendant complied with his release conditions but provided no other reasons for his request).

Moreover, both Probation and the Government oppose Mr. Taylor's motion, and Mr. Taylor did not file a reply brief addressing their concerns. Dkt. Nos. 7, 8. The Government notes that when Mr. Taylor's term of supervision imposed on a prior conviction was terminated early, a subsequent investigation suggested that he had engaged in new criminal conduct while on supervision. Dkt. No. 7 at 4. The Government argues that Mr. Taylor would benefit from continued supervision, particularly because "his criminal activities have involved, and [were] thus encouraged by, his family." *Id*. at 5.

The Court agrees, finding that several factors weigh against early termination, including the seriousness of Mr. Taylor's convictions for conspiracy to distribute controlled substances and

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 2

commit money laundering, the fact that his co-conspirators were his family members, and his conduct during and after a prior term of supervision. Continuing supervision is commensurate with Mr. Taylor's offenses and serves to deter future criminal conduct and protect the public from future crimes. It will also assist Mr. Taylor in following the commendable path he has traveled thus far with the assistance and support of Probation. As his Probation Officer notes, although Mr. Taylor has "performed well" on supervision to date, he has completed only a "limited portion" of his supervision term that "is not sufficient to adequately assess long-term compliance and stability." Dkt. No. 8 at 2. For these reasons, the Court agrees with the Government and Probation that Mr. Taylor's conduct and the interests of justice do not warrant early termination of supervised release at this time. Mr. Taylor's motion (Dkt. No. 5) is thus DENIED.

Dated this 14th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 3